IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY EUGENE HALL, #1453743, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-0112-P (BK) |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set out below, the Court recommends that the petition for writ of habeas corpus be dismissed summarily as barred by the one-year statute of limitations.

**I. BACKGROUND**

A jury found Petitioner guilty of unlawful possession with intent to deliver cocaine and, following his plea of true to the enhancement paragraphs, the trial court assessed punishment at forty years' imprisonment. *See State v. Hall*, No. F06-73161-I (Criminal Dist. Court No. 2, Dallas County, 2007), *aff'd*, No. 05-07-01128-CR (Tex. App. 2009, no pet.) (unpublished). On March 26, 2009, Petitioner obtained an extension until June 5, 2009, to file a petition for discretionary review (PDR), but he failed to file the same. *See Ex parte Hall*, No. PD-0447-09 (Tex. Crim. App. 2009); *Hall v. State*, No. 05-07-01128-CR (Tex. App. 2009) (noting mandate

issued on June 25, 2009, because Petitioner did not file a PDR). Petitioner then sought state habeas relief under Tex. Code of Crim. Proc. Art. 11.07. On April 22, 2009, while his direct appeal was pending, he filed his first state application, which the TCCA dismissed as premature on June 24, 2009. *See Ex parte Hall*, No. WR-72,150-01. On November 23, 2009, Petitioner filed his second state application, but the TCCA denied it without written order on January 14, 2010. *See Ex parte Hall*, No. 72-150-02.[1]

Thereafter, on January 18, 2011, Petitioner filed the federal petition presently at issue. In two grounds, he challenges his search and seizure and the enhancement of his sentence.[2]

## II. ANALYSIS

A. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order on February 18, 2011. (Doc. 5.)

---

[1] The Court verified all dates set out in this recommendation on the basis of information available on the Dallas County website (under criminal background information), the Texas Court of Appeals website, and the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on January 9, 2011, the date Petitioner signed it and presumably handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are inapplicable.[3] Under section 2244(d)(1)(A), Petitioner's conviction became final on June 5, 2009, the last day on which he could have filed a timely PDR in accordance with the March 2009 order of extension. *See Dolan v. Dretke*, 168 Fed. Appx. 10, 11 (5th Cir. 2006) (unpublished *per curiam*) (because PDR is part of direct review process under Texas law, conviction is final upon expiration of extension of time granted by TCCA for filing PDR). The one year period began to run the next day, on June 6, 2009, and continued running during the pendency of the first state application, which was not "properly filed" for purposes of statutory tolling. *See Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir. 2004) (state application filed *before* issuance of mandate by state court of appeals was *not* "properly filed" and, thus, could not statutorily toll one-year limitations period); 28 U.S.C. § 2244(d)(2) (statutory tolling available only during pendency of properly filed state application). Thus, when Petitioner filed his second state application in November 2009, 170 days of the one-year period had already elapsed. The second application remained pending until its denial on January 14, 2010, statutorily tolling the one-year period. The one-year period resumed running the next day, on January 15, 2010, and expired 195 days later on July 29, 2010, long before the filing of the federal petition.

In response to the Court's show cause order, Petitioner asserts for the *first time* that he

---

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

filed a PDR on June 2, 2009, and that he "was never informed when the Court of Criminal Appeals of Texas" refused his PDR. (Doc. 5 at 1 and 3.) Specifically, he argues that his "direct review was not over until sometime[s] in July of 2009, at the earliest," and that "he would have had until November 2009 to file [for] post conviction review." (*Id.* at 2.)

The above assertions are unsupported, self-serving, and belated. In his memorandum in support, Petitioner unequivocally states that "[n]o further petition was filed on direct appeal" following the March 2009 affirmance of his conviction. (Doc. 2 at 2.) Moreover, both the TCCA's and the court of appeal's docket sheets confirm that Petitioner did not file a PDR before or after the June 5, 2009, deadline. The issuance of the mandate by the court of appeals on June 25, 2009, further validates that no PDR was pending as of that time.

Therefore, the federal petition – filed more than five months after the one-year period expired in July 2010 – is clearly untimely absent equitable tolling.

B. Equitable Tolling

Because the AEDPA one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances

4

required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). The pleadings in this case confirm Petitioner did not act with due diligence, squandering the *entire* one year period. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner delayed about five months before submitting his second state application. His lack of due diligence did not end here. Following the denial of the second state application, Petitioner waited almost one full year before he mailed his federal petition.

Petitioner does not explain the lengthy delays in his case. In response to the Court's order, he asserts for the *first time* that he is entitled to equitable tolling because he was "never informed exactly when his petition for discretionary review was refused or denied" and, thus, was unaware "of the exact date his direct review . . . ended." (Doc. 5 at 3.) However, as noted above, his assertions are not only unsupported, but contradicted by the state courts' docket sheets, which reflect Petitioner *never* filed a PDR.

Having failed to provide a proper explanation for the delays in his case, Petitioner is not entitled to equitable tolling. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per

curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Therefore, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** the petition for a writ of habeas corpus as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

The Clerk of the Court is **directed** to terminate the case referral.

SIGNED April 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE